The CouRT delivered the following opinion : — The first error assigned, is, that the court erred in sustaining the defendant’s demurrer to the plaintiff’s replication.
To support this assignment, the plaintiff relies upon, the insufficiency of the fourth plea of the defendant, which produced the replication and demurrer. Whilst the defendant contends, it is restricted to the replication. The principle is correctly settled, that by demurrer and joinder thereto, the whole pleading was brought before the court, for their inspection and decision ; and they ought to determine upon the whole record ; and thereupon give judgment according to the right of the case. Nor can the parties, in setting down one or more point or points, discharge the judges from their office, in respect of the whole record, so brought before them.
In adjudicating upon the defendant’s demurrer, then, the sufficiecy of the defendant’s fourth plea, was necessarily involved in his prayer to the court for judgment in his f avor. And if his said plea was insufficient, the pourt ought not to have sustained the defendant’s demurrer or prayer for judgment. The. first assignment of error, therefore, brings sufficiently before this court, the propriety of the defendant’s said fourth plea ; and that it was no bar to the plaintiff’s action, this court have no hesitation in saying.
[The opinion of the court then recited the said plea, as above stated, and proceeded.]
From the three years seizen and possession, as before spoken of j the limitation of actions of detinue to three *165 years in Maryland ; and the averment that no right of action hath accrued in Maryland, within the space qf three years ; the plea seems intended as a plea of the Maryland statute of limitations. Of statutes and laws of sister states, this court cannot take notice, judicially, unless they are pleaded.
But whether a statute which barred the remedy in Maryland, would be a good plea in bar of a right in Kentucky, this court will not at this time decide ; because, the question is not judicially presented by the plea under consideration.
Without criticism on the language of the plea, we must say it does not contain any substance whereon the judgment in favor of the defendant can be pronounced. That three years peaceable seizen and possession were had in Maryland, is not averred: that the plaintiff’s action accrued in Maryland; or that it was the same cause of action in the declaration supposed ; pr that he had any claim in that state to the slave in question ; is not alleged. That no right of action hath accrued in Maryland, within the space of three years, is no direct averment that a right of action did ever exist there. “ That actions of detinue must be prosecuted,’’ in that state, within three years next after the right of action accrued, does not amount to an averment that an action of detinue might be prosecuted for a slave there; much less to an averment that a writ of replevin de homine re-plegicmdo; trover and conversion; or other remedy, 'would not also be tolerated, even after three years adverse possession and seizen with notice. The expressions “ statutes and laws of Maryland,” are too vague and indefinite to answer the ends of justice, and the requisitions of a plea.
The balance of the plea seems only to have been intended to fortify the limitation by the statutes and laws of Maryland, and as a substitute (lame indeed) for the necessary7 averment, that the cause of action in the declaration supposed was the same that accrued in Maryland ; not as a substantive discharge per se of the cause of action stated in the declaration; or as a substantive plea of the statute of limitations of this state. It would hot have been so understood by the plaintiff, nor could any issue be joined thereon. The court, therefore, err *166 ed m sustaining the defendant’s demurrer, and giving judgment for him upon the fourth plea.
This renders it useless to say any thing of the second assignment of error, as it regards the replication offered to the fourth plea.
The third assignment of error correctly states, that the court erred, in giving final judgment against the plaintiff, when the issue made up upon the plea of non detinet was untried, and the other pleas were not replied to.
The court have certified in the bill of exceptions, (which is enrolled by their own solemn order, and which is as much a part of the record, as any other passage of the recorded history of the proceeding in court), that they had granted leave to amend the replication to the fourth plea, after they had sustained the demurrer. The omission of the clerk to state such leave, over and above the certificate thereof, in the bill of exceptions, cannot detract from the verity of the statement therein. The omission was, at any rate, but a clerical mistake, if to have inserted it after the exceptions were ordered to be enrolled, would not have been unnecessary. By the leave to amend, the replication was virtually withdrawn, and consequently the demurrer thereto.
The general issue only remained, which was to be tried by ajury, and not by the court. The rendition of judgment in manner and form apparent in the record, Was erroneous.
The court ought, as to the second, third and fourth pleas, to have caused issues, either of law or fact, to have been joined ; or a judgment by default against the plaintiff or defendant, to have been, taken, before they would have given judgment thereon. If the plaintiff refused to reply, after a rule given, the defendant might have signed judgment for that cause. If replication was put in, the defendant might have rejoined or demurred. If he would not, after a rulé made upon him, to do so, the plaintiff might have taken judgment and a writ of inquiry for that reason.
Judgment reversed ; cause remanded to be tried on the general issue, and such other issues as may be made up, whether of law or fact, not inconsistent with this opinion.